UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARENCE J. FAULKNER,<br><br>               Plaintiff,<br><br>     v.<br><br>SHERI POTEET, *et al*,<br><br>               Defendants. | Case No. C08-5508RBL-KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

     This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon plaintiff's filing of a motion for appointment of counsel. (Dkt. #23). Plaintiff has been granted *in forma pauperis* status in this case. After reviewing the motion and the balance of the record, the Court finds and ORDERS as follows:

     There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. While the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, it may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of plaintiff to articulate his claims *pro se* in light of the complexity

ORDER
Page - 1

of the legal issues involved.  <u>Wilborn</u>, 789 F.2d at 1331.

In his motion, plaintiff requests appointment of counsel for the following reasons: he is unable to afford private counsel; he is not knowledgeable about the law; his imprisonment will greatly limit his ability to litigate this matter; the issues involved in this matter are complex; he is not experienced in trial procedures; and he has made unsuccessful efforts to obtain counsel on his own.  The Court agrees with defendants, however, that these are not sufficient reasons for having counsel appointed for plaintiff at government expense.  <u>See</u> (Dkt. #24).  First, the fact that plaintiff cannot afford counsel, lacks knowledge of the law or experience with trial procedures, is imprisoned, and has been unable to find private counsel to represent him makes him no different from the majority of other prisoner litigants.

The Court also agrees with defendants that the issues in this case are not necessarily complex, and plaintiff has shown an ability, both through this motion and his previous filings, to litigate this matter *pro se*.  Finally, plaintiff has not shown a likelihood of success on the merits, and therefore this case presents no exceptional circumstances that would warrant appoint of counsel for him.  Accordingly, plaintiff's motion for appointment of counsel (Dkt. #23) hereby is DENIED.

The clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 22nd day of December, 2008.

Karen L. Strombom
United States Magistrate Judge